IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3264-D

ROBERT S. BALLARD, )
)
    Plaintiff, )
)
v. ) ORDER
)
CAPTAIN RAYMOND, et al., )
)
    Defendants. )

On October 31, 2025, Robert S. Ballard ("Ballard" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On November 5, 2025, Magistrate Judge Jones granted Ballard's application to proceed in forma pauperis [D.E. 7]. As explained below, the court vacates the order permitting Ballard to proceed in forma pauperis and dismisses the action under 28 U.S.C. § 1915(g).

Ballard is incarcerated at Maury Correctional Institution in Maury, North Carolina. See Compl. [D.E. 1] at 2. The allegations of Ballard's complaint arose at Central Prison, where Ballard alleges that over the course of two days in April 2023, defendants subjected him to abuse, including pepper spraying Ballard in his cell and then improperly decontaminating him, confiscating his bedframe, legal materials, and personal hygiene items, and denying him medications and two meals. See id. at 5–7. As a result, Ballard "la[id] on the floor from 4-22-23 and 4-23-23 . . . in urine on a plastic mattress without food, water, and ordered medications." Id. at 7. Ballard seeks unspecified monetary damages. See id. at 8.

The Prison Litigation Reform Act's ("PLRA") three-strikes provision allows the court to dismiss a prisoner's action if the prisoner has not paid his filing fees and "the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Holley v. Combs, 134 F.4th 142, 143 (4th Cir. 2025); Hall v. United States, 44 F.4th 218, 222 (4th Cir. 2022); Blakely v. Wards, 738 F.3d 607, 610–11 (4th Cir. 2013) (en banc); Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006). Ballard has used his three strikes. See Order at 1–2, Ballard v. Otieno, No. 5:25-CT-3101 (E.D.N.C. Nov. 18, 2025) (collecting cases), [D.E. 10].

To avoid dismissal and proceed without prepayment of the filing fee, Ballard must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This exception "is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall, 44 F.4th at 224; see Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished); Smith v. Mayes, 358 F. App'x 411, 411–12 (4th Cir. 2009) (per curiam) (unpublished); Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished). Vague, speculative, or conclusory allegations do not suffice to invoke this exception. See Hall, 44 F.4th at 230–31; Johnson, 200 F. App'x at 272.

Ballard's allegations occurred at a different prison over two years before he filed this action. Ballard fails to plausibly allege that he is under imminent danger of serious physical injury. Thus, Ballard has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule.

2

In sum, the court VACATES the order permitting plaintiff to proceed without prepayment of the fees in this action [D.E. 7], and DISMISSES the action under 28 U.S.C. § 1915(g). The clerk shall close the case.

SO ORDERED. This __6__ day of February, 2026.

JAMES C. DEVER III
United States District Judge